IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL G. CROMEY, JR., #02126938 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv371 |
| JOHN RUPERT, ET. AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Cromey, a prisoner confined at the Bradshaw Jail within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Cromey's amended complaint, (Dkt. #10,) and Defendant Lumpkin's motion to dismiss, (Dkt. #19). For reasons explained below, the Court recommends that the motion be granted.

**I. Cromey's Amended Complaint**

Cromey's amended complaint, (Dkt. #10), is the operative pleading in this case. Cromey states that he is a Chronic Care Patient while imprisoned, with multiple medical restrictions. He claims that he was "sent to" the Bradshaw State while he was "in the middle" of his section 2254 habeas case, which "was destroyed by neglect of the MTC officers." Cromey further alleges that he was "forced to breath[e] toxic fumes" even though he suffers from COPD. With respect to Defendant Lumpkin, director of TDCJ, Cromey maintains that he "transferred [sic] to another facility while habeas corpus was pending," (Dkt. #10, pg. 3).

1

## II. Defendant Lumpkin's Motion to Dismiss

Defendant Lumpkin argues that Cromey failed to meet the pleading standards concerning his claim against him. Specifically, Lumpkin maintains that Cromey "fails to allege any facts concerning his alleged transfer which implicate any constitutional right or violation thereof" and that he failed to articulate his personal involvement in any alleged constitutional violation.

## III. Legal Standards

The United States Court of Appeals for the Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint is frivolous if it lacks an arguable basis in law or fact and/or the complaint is based upon an indisputable meritless legal theory. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, a court may determine that a prisoner's complaint is frivolous if it rests upon

delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr Cnty., Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

## IV. Discussion and Analysis

Defendant Lumpkin's motion to dismiss should be granted. Liberally construed, the Court understands that Cromey asserts that Lumpkin violated his constitutional rights by transferring him to the Bradshaw Unit.

Personal involvement is an essential aspect of a section 1983 cause of action. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (must be an affirmative link between injury and conduct of defendant)). The Fifth Circuit has held that a plaintiff must specify the personal involvement of each defendant in a section 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory." *See Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992). In describing "personal involvement," the Supreme Court denoted that "there must be an affirmative

link between the incident and some act by the defendant." *Rizzo*, 423 U.S. at 363; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.").

Here, as Defendant Lumpkin notes, Cromey fails to allege Lumpkin's personal involvement in a constitutional violation. He does not plead any facts indicating that Lumpkin was involved in the decision to transfer him to the Bradshaw Unit. Cromey's conclusory and general allegations, devoid of specifics, are insufficient. The lack of an affirmative link or connection between Lumpkin and any constitutional violation is fatal to Cromey's claim. A prisoner, furthermore, does not have a constitutional right to pick and choose his housing. *See Poree v. Akwitti*, 834 F. App'x 934, 935 (5th Cir. 2021). Mere disagreement with a housing classification decision, without more, fails to demonstrate a constitutional violation. In these ways, Cromey failed to state a claim against Defendant Lumpkin upon which relief may be granted. Defendant Lumpkin's motion to dismiss should be granted.

## RECOMMENDATION

Accordingly, it is recommended that Defendants' motion to dismiss, (Dkt. #19), be granted and that Plaintiff Cromey's claims against Defendant Lumpkin be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

4

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).


So ORDERED and SIGNED this 24th day of January, 2024.


_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE